**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4000**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN SOLIS AGUIRRE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:10-cr-00005-RLV-DCK-7)

Submitted:  June 21, 2012        Decided:  June 25, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Rafael Rodriguez, LAW OFFICES OF J. RAFAEL RODRIGUEZ, Miami, Florida, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Solis Aguirre pled guilty to conspiracy to distribute and possess with intent to distribute cocaine. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether Aguirre was adequately advised at his plea hearing of his rights under Fed. R. Crim. P. 11; and (2) whether the district court properly followed Fed. R. Crim. P. 32 at Aguirre's sentencing hearing. For the reasons that follow, we affirm.

Because Aguirre did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002) (stating review standard). Our review of the record reveals that Aguirre's plea hearing was conducted in compliance with Rule 11.

Next, we find that Aguirre's 151-month sentence was reasonable. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The district court correctly calculated Aguirre's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v.

2

<u>Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009). Under these circumstances, we find the sentence is free of significant procedural error and is substantively reasonable. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

In accordance with <u>Anders</u>, we have reviewed the record in this case, including the issues raised in Aguirre's pro se supplemental brief,* and have found no meritorious issues for appeal. We therefore affirm Aguirre's conviction and sentence. This court requires that counsel inform Aguirre, in writing, of the right to petition the Supreme Court of the United States for further review. If Aguirre requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aguirre. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

* To the extent that Aguirre seeks to allege ineffective assistance of trial counsel, we decline to consider the claim at this time. Generally, such claims are not cognizable on direct appeal unless the record conclusively establishes counsel's objectively unreasonable performance and resulting prejudice. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims are most appropriately pursued in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

materials before the court and argument would not aid the decisional process.

                                                          AFFIRMED